Gregory T. HOWARD, Plaintiff–
Appellant,

v.

COMMONWEALTH OF VIRGINIA,
Defendant–Appellee.

No. 00–3709.

United States Court of Appeals,
Sixth Circuit.

March 15, 2001.

Before COLE and GILMAN, Circuit Judges; BORMAN, District Judge.*

Gregory T. Howard, an Ohio resident proceeding pro se, appeals a district court order denying his motion to alter or amend the judgment in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Howard sued the Commonwealth of Virginia 12th Judicial District Court in January 2000. He alleged that the defendant violated his constitutional rights by depriving him of the right to appeal a conviction for reckless driving. Howard invoked federal question and diversity jurisdiction, see 28 U.S.C. §§ 1331 and 1332, and purported to remove to federal court the state court criminal proceeding that led to his convic-

* The Honorable Paul D. Borman, United States District Judge for the Eastern District of Michigan, sitting by designation.

tion. *See* 28 U.S.C. §§ 1441 and 1446. Counsel for the defendant moved to be admitted *pro hac vice* and filed a motion to dismiss. The district court dismissed the action in an order dated February 24, 2000, and denied as moot defense counsel's motion to be admitted. Howard filed a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e) and a motion for a writ of habeas corpus. *See* 28 U.S.C. § 2241. The district court denied the motions in an order dated March 23, 2000. At Howard's request, the court granted him until May 24, 2000, to appeal. Howard filed a notice of appeal from the March 23, 2000, order.

In his timely appeal, Howard argues that: (1) the district court should not have granted the defendant's motion to dismiss because the court denied defense counsel's motion to be admitted; and (2) the district court had jurisdiction under 28 U.S.C. §§ 1331 and 1332.

Initially, we note that Howard does not argue that the district court erred by denying his motion for a writ of habeas corpus. Thus, he has waived the issue. *See Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir.1996).

We also note that, in his reply brief, Howard has disavowed any intent to have his action construed as a removal of the state court criminal proceeding. Accordingly, we need not address the issue of removal.

Upon review, we conclude that the district court did not abuse its discretion when the court denied Howard's Rule 59 motion. *See Emmons v. McLaughlin,* 874 F.2d 351, 358 (6th Cir.1989). In the court's opinion dismissing the case, the district court held that Howard's complaint did not set forth a proper basis for jurisdiction because, among other reasons, a state is not subject to suit under 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 65–66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). In his motion to amend the judgment, Howard argued that his complaint raised issues of federal law and that Eleventh Amendment immunity did not apply because he alleged that state government employees deprived him of his rights.

■ Howard did not establish an error of law in the district court's decision or present newly discovered evidence. *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998). Under the Eleventh Amendment, a state and its agencies are immune from an action for damages and injunctive relief unless immunity is validly abrogated by Congress or expressly waived by a state. *See Seminole Tribe of Fla. v. Fla.,* 517 U.S. 44, 54–55, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996); *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.,* 987 F.2d 376, 381 (6th Cir.1993). A state court is an arm of the state, entitled to Eleventh Amendment immunity. *See Mumford v. Basinski,* 105 F.3d 264, 267–70 (6th Cir. 1997). Howard's complaint named only one defendant, the Commonwealth of Virginia 12th Judicial District Court. Although he alluded to acts by individual employees, Howard did not name any of them as defendants. Accordingly, the district court properly held that the Eleventh Amendment barred Howard's claim.

■ Howard's argument that the district court should not have granted the defendant's motion to dismiss, because the court denied defense counsel's motion to be admitted, is without merit. The court had the authority to dismiss the case with or without a motion by the defendant, because federal courts may consider the issue of Eleventh Amendment immunity sua sponte. *See Ford Motor Co. v. Dep't of Treasury,* 323 U.S. 459, 467, 65 S.Ct.

347, 89 L.Ed. 389 (1945); *Mixon v. Ohio,* 193 F.3d 389, 397 (6th Cir.1999).

Having concluded that Howard's claim is barred by the Eleventh Amendment, we need not address his argument that the district court had jurisdiction under 28 U.S.C. §§ 1331 and 1332. For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.